**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| DENNIS P. CASSADY, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HUMANA INC. and the HUMANA INC. MANAGER OF BENEFITS ADMINISTRATION,<br><br>    Defendants. | Case No. 3:26-CV-187-RGJ<br><br>Judge Rebecca Grady Jennings<br><br><br><br>DEFENDANTS' MOTION FOR LEAVE TO FILE EXHIBIT G TO THEIR MOTION TO DISMISS UNDER SEAL |

Pursuant to LR 5.6(c), Defendants HUMANA INC. and the HUMANA INC. MANAGER of BENEFITS ADMINISTRATION file this Motion for Leave to File Exhibit G to their Motion to Dismiss Under Seal.

**INTRODUCTION**

Plaintiff Dennis P. Cassady is a former employee of Defendant Humana Inc. ("Humana") whose employment was terminated pursuant to a Voluntary Release and Separation Agreement ("Separation Agreement"). Defendants Humana Inc. and the Humana Inc. Manager of Benefits Administration (collectively "Defendants") have moved to dismiss Plaintiff's Complaint, in part, on the grounds that this Court lacks subject matter jurisdiction over Plaintiff's claims because he released those claims pursuant to the Separation Agreement. The Separation Agreement also contains information about Plaintiff's compensation, Humana's severance payment to Plaintiff, other information about Humana's compensation and benefits structure, as well as a confidentiality provision. It is essential that the parties preserve the confidentiality of the financial terms of the Separation Agreement, as well as the Agreement's confidentiality

provisions. Accordingly, Defendants request that the Court grant their Motion for Leave to File the Separation Agreement (Exhibit G to Defendants' Motion to Dismiss) under seal.

## ARGUMENT

### I.    THIS COURT HAS AUTHORITY TO ORDER THE SEPARATION AGREEMENT BE FILED UNDER SEAL.

The right of public access to judicial files in civil cases is not absolute.  Both the Federal Rules of Civil Procedure and this Court's Local Rules provide this Court with the ability to authorize that documents be filed under seal where there is a compelling interest in protecting the document from public disclosure. *See* Fed. R. Civ. P. 5.2(d); LR 5.6; *see also Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files . . . ."). To warrant filing a document under seal, Defendants must show: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)).

### A.  Multiple Compelling Interests Warrant Sealing Plaintiff's Separation Agreement.

There are multiple compelling interests in filing Plaintiff's Separation Agreement under seal. "Courts generally grant requests to seal information about a company's employee salary and compensation structures." *Young v. Provident Life & Accident Ins. Co.*, No. 2:21-CV-00041, 2023 WL 5837001, at *6 (M.D. Tenn. Mar. 13, 2023) (granting request to seal testimony regarding employee compensation and benefit structures). The Sixth Circuit has also recognized that protecting a party's privacy rights constitutes a compelling reason to seal documents. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). Specifically, this Court has "recognized a legitimate privacy interest in 'sources of business

information that might harm a litigant's competitive standing.'" *Rudd Equip. Co., Inc. v. Volvo Constr. Equip. N. Am., LLC*, No. 3:19-CV-778, 2020 WL 6946577, at *2 (W.D. Ky. Nov. 25, 2020), *on reconsideration,* No. 3:19-CV-778, 2021 WL 2307325 (W.D. Ky. May 7, 2021) (quoting *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354, 2018 WL 3130945, at *5 (W.D. Ky. June 26, 2018)).

Indeed, in the context of severance agreements, courts within the Sixth Circuit have granted motions for leave to seal where those severance agreements contained information about the company's compensation structure because making such information public would put the employer at risk of a competitive disadvantage. *See, e.g.*, *Doe v. Brooks Automation US LLC*, No. 3:24-CV-01284, 2025 WL 936659, at *6 (M.D. Tenn. Mar. 27, 2025); *TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2023 WL 8566266, at *2 (S.D. Ohio Dec. 11, 2023) (granting motion to redact employee severance agreement because agreement contained information regarding employer's salary and compensation structure and there was no "countervailing public interest in accessing this information").

Plaintiff's Separation Agreement should be filed under seal for all of the above reasons. First, the Separation Agreement implicates confidential information about Plaintiff's former employment with Humana, the compensation and the benefits he received at separation, and the covenants he agreed to in exchange for that compensation. Publicly disclosing the circumstances specific to Plaintiff's separation from employment implicates privacy concerns and warrants protection from disclosure. *See Brown*, 710 F.2d at 1179.

Second, the Separation Agreement contains confidential information regarding Humana's severance and incentive compensation, equity vesting, and benefits structure, such that public disclosure may place Humana at a competitive disadvantage in the marketplace. *See*

*Doe*, 2025 WL 936659, at *6. Thus, to protect the privacy interests of both Plaintiff and Humana, the Separation Agreement should be filed under seal.

Furthermore, out of an abundance of caution, Defendants also seek to have the Agreement filed under seal because it contains binding confidentiality provisions that prohibit Plaintiff from disclosing the terms of the Agreement. *See Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, Civil Action 2:07-CV-116, 2016 WL 9403903, at *1 (S.D. Ohio Aug. 3, 2016) (finding compelling interest in sealing document where public disclosure of settlement agreement would subject party to claim of breach of agreement). These multiple compelling reasons warrant the Separation Agreement being filed under seal.

**B. These Compelling Interests Are Not Outweighed By The Public's Interest.**

The public interest does not outweigh these compelling interests. While the Sixth Circuit favors access where there is great public interest in the litigation and the contents of the documents may have implications beyond those involved in the case, *Shane Grp.*, 825 F.3d at 305 (6th Cir. 2016), the public interest in the materials here is low. "The lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access." *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017). "[U]nlike documents that would be offered as evidence on the merits of the case, where the public would have a substantial interest in knowing what evidence exists (or does not exist)," documents offered in support of a motion to dismiss, particularly one premised on lack of jurisdiction, do not implicate great public interest. *Marathon*, 2018 WL 3130945, at *6. Like in *Marathon*, Defendants offer Plaintiff's Separation Agreement in support of their Motion to Dismiss for lack of subject matter jurisdiction and not as evidence on the merits of the case, meaning public interest in the Separation Agreement is low. In the context of severance agreements, courts in the Sixth Circuit have also found that there is no

countervailing public interest in accessing information contained in an employee's severance agreement, including information regarding the employer's salary and compensation structure. *TERA II*, 2023 WL 8566266, at *2. Given public interest is low, it does not outweigh the compelling interests in sealing Plaintiff's Separation Agreement.

### C. Defendants' Request To File The Separation Agreement Under Seal is Narrowly Tailored.

Finally, Defendants' request is narrowly tailored. Defendants seek only to limit public access to one exhibit in support of their Motion to Dismiss and do not intend to seek to redact the pertinent release language from the body of their memorandum in support of their Motion to Dismiss. *See Inhalation Plastics*, 2016 WL 9403903, at *1 (finding motion to seal "narrowly tailored to limit public access to only a single exhibit"); *Marathon*, 2018 WL 3130945, at *6 (finding scope of seal "appropriately narrow" where parties had "limited the scope of the seal to only the exhibits in question"). Thus, their request is narrowly tailored to serve the above compelling interests.

### CONCLUSION

For these reasons, Defendants respectfully request that Exhibit G to their Motion to Dismiss be permitted to be filed under seal.

Date: June 18, 2026                 Respectfully submitted,


                                    */s/Michael J. Cederoth*

                                    Ada Dolph (*pro hac vice*)
                                    Thomas Horan (*pro hac vice* forthcoming)
                                    Michael J. Cederoth (*pro hac vice*)
                                    Kathleen C. Tranter (0089503)
                                    SEYFARTH SHAW LLP
                                    233 South Wacker Drive, Suite 8000
                                    Chicago, IL 60606

Telephone: (312) 460-5000
Facsimile: (312) 460-7000
adolph@seyfarth.com
thoran@seyfarth.com
mcederoth@seyfarth.com
ktranter@seyfarth.com

Amanda L. Genovese (*pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue, Suite
New York, NY 10018-1405
Telephone: (212) 218-5621
Facsimile: (212) 218-5526
agenovese@seyfarth.com

*Attorneys for Defendants*

6

**CERTIFICATE OF SERVICE**

I certify that on June 18, 2026, I filed the foregoing *Defendants' Motion for Leave to File Exhibit G to Their Motion to Dismiss Under Seal* with the Clerk of Court using the CM/ECF system, which will serve all parties of record.

*/s/ Michael J. Cederoth*